RECEIVED
JAN 1 9 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 04-50083-01 |
| | (CV 05-0886-P) |
| versus | JUDGE STAGG |
| JOHN MICHAEL McCONNELL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

John Michael McConnell ("Defendant") pleaded guilty to violation of 18 U.S.C. § 656 and was sentenced by Judge Stagg to serve thirty months in prison and, upon release, be on supervised release for a term of five years. Defendant has filed a Section 2255 motion that complains his sentence was imposed in violation of the principles announced in Blakely and Booker. Defendant also complains that he directed his attorney, J. Ransdell Keene, to file a direct appeal, but counsel refused to do so because he believed there was nothing to appeal. The Government's response to the motion includes an affidavit from attorney Keene in which he testifies that he told Defendant that he saw no basis for appeal, given a sentence at the lowest end of the guidelines range. He adds that he did tell Defendant that he forecast a change coming from the Supreme Court in light of the recent Blakely decision and that Defendant could later attempt to take advantage of any such changes via a 2255 motion. He says that Defendant never instructed him to file a notice of appeal.

The court has inquired at to whether the Government would consent to an out-of-time appeal, with the Booker issue held in abeyance pending the outcome of the appeal, as

permitted by U. S. v. Orozco-Ramirez, 211 F.3d 862, 871, n. 15 (5th Cir. 2000). The Government declined to consent, so it appears that a hearing will be necessary to resolve the factual dispute surrounding whether Defendant instructed his attorney to pursue an appeal. Law relevant to the appeal issue can be found in Roe v. Flores-Ortega, 120 S.Ct. 1029 (2000). If Defendant prevails on that issue, the appropriate procedure for the remedy is described in U. S. v. West, 240 F.3d 456 (5th Cir. 2001). If the appeal issue is decided in the Government's favor, the court will proceed to the Booker issue. A recent decision regarding retroactivity that may be relevant to that issue is U.S. v. Gentry, __ F.3d __, 2005 WL 3317891 (5th Cir. 2005).

Attorney **M. Allyn Stroud** is appointed pursuant to 18 U.S.C. § 3006A to represent Defendant in the proceedings before this district court. A **Status Conference** will be held in the chambers of the undersigned on **January 24, 2006 at 10:00 a.m.** to discuss a hearing date and related issues. It is not necessary that Mr. Keene attend the conference. He will be consulted prior to a hearing date being set to ensure that he does not have a calendar conflict.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 19th day of January, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Federal Public Defender