RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 3/3/08
BY ᴅᴍ

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

---

UNITED STATES OF AMERICA

versus                                  CRIMINAL NO. 04-50083
                                               JUDGE TOM STAGG

JOHN MICHAEL MCCONNELL

---

## MEMORANDUM ORDER

Before the court is John Michael McConnell's ("McConnell") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. See Record Document 60. On April 20, 2007, McConnell's supervised release was revoked and he sentenced to a term of imprisonment of 9 months.[1] In his motion, McConnell contends that the sentence he received, specifically the restitution amount, following his supervised release revocation hearing is "illegal because it is in excess of the maximum authorized by law and effected by the court's error." Record Document 60 at 5. McConnell further argues that the court "failed to reduce [his]

---

[1] Also on April, 20, 2007, McConnell received a sentence of 9 months of imprisonment in a separate case (Western District of Louisiana case number 07-50022). In that case, McConnell had pled guilty to making false statements, in violation of 18 U.S.C. § 1001. The 9 month sentence pronounced at the revocation hearing was ordered to run consecutively to the 9 months of imprisonment imposed in the sentencing on the false statements offense.

restitution amount by payments made" and that the restitution amount is overstated. Id.

McConnell did not directly appeal the sentence and judgment he received following the revocation of his supervised release.[2] He chose, instead, to file the instant motion with the court. His motion, however, has no merit.

First, and foremost, the issues which McConnell attempts to assert are not properly raised in a section 2255 motion. See United States v. Faubion, 19 F.3d 226, 233 (5th Cir. 1994) ("Relief under [section] 2255 is reserved for (1) errors of constitutional dimension and (2) other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a miscarriage of justice." (quotations and citations omitted)). Furthermore, issues concerning the application of the sentencing guidelines are not cognizable in a section 2255 motion, as such questions are capable of being raised on direct appeal and do not implicate any constitutional issues. See United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curium). Finally, a challenge to the amount of restitution is also not proper in a section 2255 motion. See United States v. Hatten, 167 F.3d 884 (5th Cir. 1999) (wherein the

---

[2]McConnell is, however, pursuing an appeal of his conviction and sentence for making false statements from case number 07-50022.

Fifth Circuit "made plain [] that complaints concerning restitution may not be addressed in [section] 2255 proceedings"). Accordingly;

**IT IS ORDERED** that McConnell's motion pursuant to 28 U.S.C. § 2255 (Record Document 60) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 3rd day of March, 2008.

_____
JUDGE TOM STAGG